UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CR-232-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TONY LEE DRUM, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 42). The Government has filed a response in opposition. (Doc. No. 47). Although Defendant is eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

I.  **Background**

During the summer and fall of 2013, Defendant recruited, enticed, harbored, transported, and maintained D.W., a 16-year-old girl from Florence, South Carolina, for the purpose of prostituting her. (Doc. No. 24 ¶¶ 5–12). D.W. met Defendant through a telephone chat service and began having daily telephone conversations with him. (Id. ¶ 10). After numerous conversations, Defendant convinced D.W., who had been expelled from school and was unhappy at home, to allow him to pick her up in Florence and bring her to Charlotte. (Id.). D.W. understood that Defendant was inviting her to live and be in a relationship with him. (Id. ¶ 11). Shortly after arriving in Charlotte, however, she realized Defendant wanted a girl who "could prostitute for him." (Id.). D.W. began prostituting for Defendant a week after arriving in Charlotte, performing sex in exchange for money several times a day for approximately a month

1

before police noticed D.W. and intervened. (Id. ¶ 12).

In October of 2013, officers later identified a second young girl, A.C., whom Defendant enticed and transported from Memphis, Tennessee, for the same purpose. (Id. ¶¶ 14–17). A.C. refused to have sex with Defendant or to work as a prostitute for him. (Id. ¶ 17). Defendant kicked A.C. out of his hotel room and forced her to sleep in his car where the police found her. (Id. ¶ 18). When Defendant committed these offenses, he had previously been convicted of breaking and entering and was on probation for a larceny conviction. (Id. ¶¶ 53, 57).

A federal grand jury indicted Defendant and charged him with two counts of harboring, transporting, and maintaining a minor, knowing she would be caused to engage in a commercial sex act, 18 U.S.C. § 1951(a)(1), (b)(2); and two counts of transporting a minor with the intent that the minor would engage in prostitution, 18 U.S.C. § 2423(a). (Doc. No. 1). Defendant pleaded guilty to all four offenses without a plea agreement. (Doc. 24 ¶ 2).

This Court's probation office submitted a presentence report and calculated a total offense level 35. (Id. ¶ 49). Defendant's criminal history garnered one criminal-history point related to his prior convictions. (Id. ¶ 58). The probation office also assessed Defendant two criminal-history points because he committed his offense while he was on probation. (Id. ¶ 59). The probation office concluded that the Sentencing Guidelines advised a sentence of between 188 and 235 months in prison based on a total offense level of 35 and a criminal-history category of II. (Id. ¶ 96).

This Court adopted the presentence report and sentenced Defendant to 188 months in prison, at the bottom of the advisory guideline range. (Doc. No. 39 at 2). During his time in the Bureau of Prisons, Defendant has committed three disciplinary infractions, including a 2022 infraction related to his possession of a hazardous tool. (Doc. No. 43 at 3). He has a drug

2

education course and six other work assignments or educational courses. (Id.). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

II.     **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect

when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

III. Analysis

Defendant is eligible for a reduction in his sentence. As he asserts in his motion, Defendant received two criminal-history points because he committed his drug-trafficking offense while he was on probation—a criminal-justice sentence. Under Amendment 821, he would not receive those criminal-history points because he received fewer than seven criminal-history points related to his prior convictions. Without those two criminal-history points, Defendant's criminal-history category would be reduced from category II to category I. (Doc. No. 43 at 2). And his guideline range, based on a total offense level of 35 and a criminal-history category of I, would be reduced to 168–210 months in prison. Defendant is eligible therefore for a sentence reduction to 168 months.

Nevertheless, the Court will in its discretion deny Defendant's motion. Even where a defendant is eligible for a sentence reduction under Amendment 821, the Court may still deny a reduction if the factors in 18 U.S.C. § 3553(a) weigh against a reduction. Defendant has committed three disciplinary infractions while in prison, including his possession of a hazardous tool in 2022, and he has completed relatively few educational courses and work assignments for

4

a defendant who has been in the Bureau of Prisons for more than nine years. Additionally, his offense conduct was especially serious and included the victimization of two young girls. The § 3553(a) factors weigh against a reduction in Defendant's sentence. That is, the nature of Defendant's offense conduct, his serious criminal history, the need to protect the public, and the need to deter Defendant and others from engaging in similar criminal misconduct weigh against a discretionary sentence reduction. The Court denies Defendant's motion for a sentence reduction under Amendment 821.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 42) is **DENIED**.

Signed: January 28, 2025

Max O. Cogburn Jr.
United States District Judge